IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

ROBERT BLAKELY, et al.,       }
                              }
     Plaintiffs,              }
                              }       CIVIL ACTION NO.
v.                            }       03-AR-3133-W
                              }
PIKCO FINANCE, INC., et al.,  }
                              }
     Defendants.              }

**MEMORANDUM OPINION**

The court is called upon to review the purported denial by a magistrate judge of plaintiffs' motion to remand the above-styled case that had been removed by one of the defendants from the Circuit Court of Sumter County, Alabama, the court in which it was originally filed. The parties did not consent to the exercise of full jurisdiction by the magistrate judge to whom the case was originally randomly assigned in this court.

The General Order of this court referring certain civil matters to its magistrate judges provides for the exercise of full jurisdiction only if the parties consent. Even without consent, a magistrate judge is given authority to **remand** a case removed from a state court, although in that event, the order of remand is not effective until fifteen (15) days after the order is entered, during which time any party may seek review by a district judge pursuant to Rule 72(a), F.R.Civ.P. It can readily be deduced from the General Order that this court believes that a **remand** order is **not dispositive.** However, paragraph 5 of the General Order

expressly precludes the **denial** of a motion to remand by a magistrate judge if the case was removed to him on the basis of diversity under 28 U.S.C. § 1332, and if the proposed remand is "based upon a finding that a non-diverse defendant has been fraudulently-joined and the claims against the defendant are due to be dismissed".  The General Order provides that "in such an instance, the magistrate judge shall prepare and file a report and recommendation concerning the disposition of the claims against the fraudulently-joined defendant and the motion to remand, and a district judge shall be randomly selected to determine the motion". It is obvious, then, that this court in its General Order considered the **denial** of a motion to remand to be a **dispositive** order if, in order to accomplish it, a dismissal of the action as against a non-diverse defendant is required.

For the purposes of this opinion, the court treats the purported order of remand as a report and recommendation complying with paragraph 5 of the General Order, and treats plaintiffs' responsive pleading to that report and recommendation as an objection to it.  The court understands that the magistrate judge recommends that a dismissal of the action as against both non-diverse defendants is called for, and accordingly, that the motion to remand should be denied.

Under these procedural circumstances, the court takes a *de novo* look at the motion to remand, especially when the court is

required constantly to monitor its subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c). Upon examining the materials bearing on this court's jurisdiction, the court independently reaches the conclusion that it lacks subject-matter jurisdiction and therefore that the case must be remanded.

The notice of removal was filed by defendant, Pikco Finance, Inc. ("Pikco"), on November 24, 2003. That notice alleged complete diversity of citizenship between the three Alabama plaintiffs, Robert Blakely, Emma Blakely and Darren Blakely, on the one hand, and defendant, Pikco, which is a Mississippi corporation, on the other. Indisputably, plaintiffs were seeking more than the $75,000 that is the amount in controversy necessary for invoking § 1332. Pikco attempts to invoke this court's jurisdiction by alleging that the other two defendants, who are alleged in the complaint to be Alabama residents, and who at one time or another were indisputably domiciled in Alabama, either were not in fact residents of Alabama at the time the suit was filed or were "fraudulently-joined" and can therefore be ignored for the purposes of ascertaining removal jurisdiction under § 1332.

The original complaint named "Quality Auto Sales" and "Ralph Eaton" as the two defendants alleged to reside in Alabama. As it turns out, the correct names of the said two defendants are "Livingston Quality Auto Sales" ("Quality"), which was incorporated and at one time did business in Alabama, and "Ralph Eakes"

("Eakes"), who was Quality's president at the time of the transaction complained of. Subsequent to the events described in the complaint, Eakes was convicted in this court and was thereupon incarcerated in a federal correctional facility located in a state other than Alabama. Meanwhile, Quality ceased doing business, but has never been formally dissolved. Pikco, the only removing defendant, claims that Quality has been *de facto* dissolved and was, and is, not a viable entity, and can be ignored for § 1332 purposes. Pikco also claims that Eakes was not, in fact, an Alabama resident when the complaint was filed, despite the fact that he was alleged in the complaint to be domiciled in Alabama.

There is a substantial difference between a **plaintiff's** invocation of the diversity jurisdiction of this court under § 1332, when he files a complaint in this court, and a state court **defendant's** invocation of that jurisdiction under § 1332 upon his removal of a case to this court. In the first instance, the burden is on the **plaintiff**, and in the other, the burden is on the **defendant**. Here, the burden was, and is, on Pikco to prove that plaintiffs' averments with respect to the Alabama domiciles of Quality and Eakes were erroneous when made.

Pikco has never alleged or attempted to prove that plaintiffs deliberately and with fraudulent intent misstated the domiciles of Quality and/or Eakes. Instead, Pikco alleges that on October 27, 2003, less than thirty (30) days before its removal, it first

4

discovered facts that created removability under § 1332. It was on that date that plaintiffs filed in the state court an affidavit accompanying a motion for service by publication, saying that Quality and Eakes could not be located for the purpose of obtaining personal service on them. Pikco hopefully extrapolated from this affidavit that neither Quality nor Eakes was, in fact, domiciled in Alabama when the suit was filed. The effectiveness of the removal depends, first, upon the nonexistence of Quality, because if it existed at all, it existed in Alabama, and, second, on a finding that Eakes was not truly domiciled in Alabama when the suit was filed. Alternatively, Pikco in its notice of removal alleged that if Quality or Eakes was an Alabama resident, it or he was fraudulently joined, in the sense that no viable claim was stated against such a non-diverse defendant.

When the Founding Fathers crafted the Constitution, they recognized the courts of the several states as the courts of general jurisdiction in the new nation, and gave the federal courts only limited jurisdiction. Thus, any party who invokes the jurisdiction of a federal court assumes the burden of proving the statutory requisites for that limited jurisdiction. In this instance, Pikco assumed that burden. A federal court is constantly responsible for satisfying itself of its subject-matter jurisdiction. For the reasons that follow, the court finds jurisdictional defects of a substantive nature that have not been

overcome by Pikco, and that require remand of the case to Sumter County.

The court first examines the question of the residence of Eakes at the time the suit was filed. The Northern District of Georgia was correct in *Polakoff v. Henderson*, 370 F. Supp. 690, 693 (N.D. Ga. 1973), when it held:

> A prisoner does not acquire a new domicile in the place of his imprisonment, but retains the domicile he had prior to incarceration.

*Polakoff* involved a § 1332 diversity inquiry. The court there found that the plaintiff had erroneously claimed diversity jurisdiction based on domicile of a prisoner in the place of his imprisonment rather than his place of residence immediately preceding imprisonment. In Alabama, residence is a matter of intent. That intent can be manifested by physical presence in a state, or, during the absence of a person from the state of original residence, an intent to return. In the instant case, Eakes was admittedly an Alabama resident at the time of the transaction made the subject of plaintiffs' many faceted complaint. This means that Eakes is presumed to have continued to be an Alabama resident during his incarceration out-of-state. His actual intent in this regard was, and is, unknown. An interesting side question is whether or not Eakes's domicile in Alabama presumptively continued while he was under federal supervision after his release from custody, even though he may have been

physically located in a state other than Alabama.  This is, as yet, not only an unanswered question, but an unpresented question.  Without attempting to answer it, the court finds that Pikco has not proven by a preponderance of the evidence that Eakes was, in fact, a resident of a state other than Alabama when plaintiffs' complaint was filed in Sumter County.  Any ambiguity about Eakes's domicile must be resolved against Pikco.  This leaves Eakes, a non-diverse defendant, as an unsurmountable impediment to Pikco's § 1332 removal.

The second § 1332 inquiry involves the domicile of Quality, a defunct Alabama corporation.  Quality, although without assets of its own, and no longer doing any business, still exists in theory.  Not only has Pikco not proven by a preponderance of the evidence that Quality had no assets at the time the original complaint was filed, but assuming that the magistrate judge is correct when he concludes that a judgment against it would not be collectible from its present assets, such a judgment might be collectible from its stockholders and/or directors, who, except for Eakes, are not shown from the record, but who theoretically remain subject to having to pay any judgment entered against Quality if they received any of its assets.  A reading of *King v. Coosa Valley Mineral Products Company*, 215 So. 2d 275 (Ala. 1968), will demonstrate that this court, in his earlier life, became familiar with the fact that a judgment can be collected from the stockholders and/or directors of

7

a defunct corporation.  The question of collectability is not one to be decided at the juncture of removal.  Post-removal discovery may have proven that the collectability of a prospective judgment against Quality presents a serious, perhaps insoluble, problem for plaintiffs, but the mere existence of such a problem, no matter how serious, does not render Quality's domicile irrelevant for purposes of the § 1332 jurisdictional requirement of complete diversity. The magistrate judge cited *Mask v. Chrysler Corp.*, 825 F. Supp. 285(N.D. Ala. 1993), for the proposition that if a corporation is judgment proof, it is non-existent for § 1332 purposes.  This court does not read *Mask* to stand for such a proposition, and respectfully disagrees with the magistrate judge on the point.

Insofar as Pikco claims that the action against Quality and Eakes has no facial viability so that it must be dismissed as against them, rendering them "fraudulently joined", and creating complete diversity, their best argument is that the claims are barred by the statute of limitations.  No matter what the bases for the argument that no cause of action is stated against either non-diverse defendant, those bases appeared on the face of the complaint when it was served on Pikco, and that moment occurred more than thirty (30) days before Pikco removed the case.  If this was a case in which non-diverse defendants had been "fraudulent-joined", it was not timely removed, a fatal procedural defect pointed out by plaintiffs in their motion to remand.  *See* 28 U.S.C.

§ 1446(b).

Pikco purported to supplement its notice of removal, claiming alternative jurisdiction under 28 U.S.C. § 1331, alleging that it had detected the existence of a federal question of which it was not aware when it filed its notice of removal. Removal jurisdiction is not determined based on what a removing defendant should, by an exercise of reasonable diligence, have known about the law at that time. Rather, all parties are deemed to know the law, whether they in fact knew the law or not. Therefore, if the existence of a federal question could have been discerned from reading the original complaint, whether actually recognized by the removing defendant or not, the thirty (30) day removal window closed long before the alternative argument for removal jurisdiction based on the alleged existence of a federal question was put forward.

Based on the foregoing, a separate order of remand will be entered.

DONE this 16th day of December, 2004.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE